**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT LONDON**

| | |
|---|---|
| **CHARLES ANDREW ARROYO,** | **CIVIL ACTION NO. 6:14-026-KKC** |
| Petitioner, | |
| V. | **MEMORANDUM OPINION AND ORDER** |
| **J.C. HOLLAND, Warden,** | |
| Respondent. | |

\*\*\* \*\*\* \*\*\*

Charles Andrew Arroyo is a federal inmate at the United States Penitentiary-McCreary ("USP-McCreary") in Pine Knot, Kentucky. Proceeding *pro se*, Arroyo has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the imposition of an enhanced sentence under the provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924(c)(1)(A), and he has paid the $5.00 filing fee.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Arroyo's petition under a more lenient standard because he is not represented by an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), accepts his factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed the petition, the Court must deny it because Arroyo cannot pursue his claim under 28 U.S.C. § 2241.

**BACKGROUND**

The exhibits attached to Arroyo's petition reflect that in October of 2000, he was indicted by a grand jury in El Paso County, Texas for capital murder, murder, injury to a child, and negligent homicide concerning the death of Brooke Arroyo, an individual under six years of age. *State of Texas v. Charles Arroyo*, No. 2000DO4791 [R. 1-1, pp. 15-16]. Arroyo states that he was tried on these charges on April 25, 2003, and was found not guilty of capital murder, murder, and injury to a child, but that the jury was unable to render a verdict on the "negligent homicide" charge, resulting in a mistrial as to that offense. Subsequently, in lieu of a retrial, on October 30, 2003, Arroyo pled guilty to the negligent homicide charge and received a six-month sentence, made retroactive to April 25, 2003, and ordered to run concurrently with the sentence he was presently serving. *Id.*

In March of 2006, Arroyo was indicted in the Western District of Texas for possession with intent to distribute cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii). *See United States v. Charles Andrew Arroyo, Jr.*, No. EP-06-CR-479-PRM (W.D. Tex. 2006) [R. 8 therein]. In April of 2006, Arroyo was indicted in a superseding indictment which added a conspiracy count to the original indictment, charging that he and co-defendant Darcy Spencer conspired to possess a controlled substance, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A)(ii). [*Id.*, at R. 17 therein]. Prior to trial, Arroyo entered into a Plea Agreement with the United States, agreeing to plead guilty to Count One of the superseding indictment in exchange for the dismissal of Count Two thereof, as well as dismissal of the original indictment against him. [*Id.*, at R. 56 therein]. On October 31, 2006,

the district court sentenced Arroyo to a prison term of 210 months, to be followed by a five-year term of supervised release. [*Id.*, at R. 73 therein].

Arroyo did not appeal his conviction or sentence, but on October 23, 2007, he moved to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, claiming that he had received ineffective assistance of counsel. [*Id.*, at R. 74 therein] On July 31, 2009, the district court denied Arroyo's § 2255 motion. [*Id.*, at R. 95 therein].

Subsequently, on November 15, 2011, Arroyo filed a *pro se* Motion To Reduce or Correct Sentence/Writ of Audita Querela. [*Id.*, at R. 98 therein]. On April 5, 2012, the district court denied Arroyo's motion for a Writ of Audita Querela. [*Id.*, at R. 100 therein].

## THE § 2241 PETITION

Arroyo filed the present habeas petition on February 3, 2014. [R. 1] He claims that the district court erred by sentencing him as a "career offender" in that his prior Texas state court conviction for negligent homicide was not a "crime of violence" within the meaning of U.S.S.G. § 4B1.2(a)(1) in light of the Supreme Court's decision in *Begay v. United States*, 553 U.S. 137 (2008).

Arroyo may not challenge the enhancement of his sentence in this habeas proceeding under Section 2241. Such claims must be pursued by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A federal prisoner may file a habeas corpus petition under Section 2241 only to challenge a decision by prison officials which affects the manner in which his sentence is being executed, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

The narrow "safety valve" provision found in Section 2255(e) permits a prisoner to challenge the legality of his conviction through a Section 2241 petition only where the remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The Sixth Circuit permits a prisoner to take advantage of this provision when, after his conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241.").

Arroyo's challenge to his sentence, as opposed to his conviction, does not fall within the reach of the savings clause. *United States v. Peterman*, 249 F.3d 458,462 (6th Cir. 2001) (vacating habeas relief where petitioners "do not argue innocence but instead challenge their sentences.); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The United States Court of Appeals for the Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). Thus, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. *Anderson v. Hogsten*, 487 F. App'x, 283, 2012 WL 5278595 **1 (6th Cir. Oct. 26, 2012) (Unpublished); *Terrell v. United States*, supra; *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *Talbott v. Holencik*, No. 08-619, 2009 WL

322107, at *6-7 (C.D. Cal. Feb. 5, 2009) ("Under the savings clause, however, Petitioner must demonstrate that he is factually innocent of the crime for which he has been convicted, not the sentence imposed.").

This Court has rejected claims brought by § 2241 petitioners alleging improper sentence enhancements based upon prior state convictions, and the Sixth Circuit has approved that approach. *See Mackey v. Berkebile*, No. 7:12-CV-10-KSF, 2012 WL 4433316 (E.D. Ky. Sept. 25, 2012), *aff'd*, No. 12-6202 (6th Cir. March 15, 2013) (stating that allegations of sentencing errors do not qualify as claims of actual innocence under the savings clause); *Thornton v. Ives*, No. 6:11-CV-35-GFVT, 2011 WL 4586917, at *3 (E.D. Ky. Sept. 29, 2011), *aff'd*, No. 12-5051 (6th Cir. Sept. 11, 2012) (same); *Johnson v. Cauley*, No. 09-52-HRW (E.D. Ky. 2009), *aff'd*, No. 09-5991 (6th Cir. July 9, 2010) (same).

Therefore, Arroyo's claim may not be pursued in this habeas proceeding pursuant to 28 U.S.C. § 2241.

Accordingly, **IT IS ORDERED** that:

1. Arroyo's petition for a writ of habeas corpus [R. 1] is **DENIED.**

2. The Court will enter an appropriate judgment.

Dated November 6, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY